UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETERBILT OF INDIANA, INC., )<br>    *Plaintiff/Counter-Defendant*, )<br>    )<br>    *vs.* )<br>    )<br>UTILITY TRAILERS OF INDIANAPOLIS, INC., *et* )<br>*al.*, )<br>    *Defendants/Counter-Plaintiffs.* ) | 1:12-cv-769-JMS-DKL |

## ORDER TO SHOW CAUSE

On this day, Plaintiff/Counter-Defendant Peterbilt of Indiana, Inc. ("Peterbilt") successfully obtained specific performance of Section 1.6 of its Agreement with Defendants/Counter-Plaintiffs Utility Trailers of Indianapolis, Inc. ("UTI") and Harold Riddle (collectively, the "Defendants"). The only remaining claim in this action is Peterbilt's breach of contract claim against the Defendants. [Dkt. 1 at 9.] It appears, however, that Peterbilt's breach of contract claim must be dismissed because Peterbilt has successfully obtained the inconsistent remedy of specific performance.

The election of remedies doctrine provides that where a party has two coexisting but inconsistent remedies and elects to prosecute one of them to conclusion, it may not pursue the other remedy. *Cahoon v. Cummings*, 734 N.E.2d 535, 542 (Ind. 2000). Specific performance and legal damages are inconsistent remedies. *UFG, LLC v. Southwest Corp.*, 848 N.E.2d 353, 361 (Ind. Ct. App. 2006). Moreover, specific performance erases the breach of a contract and "precludes damages at law." *Id.* at 365. Legal damages for a breach of contract claim include damages that "may fairly and reasonably be considered as arising naturally from the breach itself, or as may be reasonably supposed to have been within the contemplation of the parties at the time they entered into the contract as a probable result of the breach." *Id.*

Given that this Court must apply Indiana law,[1] it appears that Peterbilt's breach of contract claim must be dismissed because Peterbilt has successfully pursued the inconsistent remedy of specific performance. For these reasons, the Court **ORDERS** Peterbilt to **SHOW CAUSE** by **June 19, 2013**, why its breach of contract claim should not be dismissed and final judgment entered on its claim for specific performance. Failure to respond by the Court's deadline will be deemed consent to enter judgment accordingly.

06/12/2013

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Wendy K. Arends
GODFREY & KAHN, S.C.
780 N. Water Street
Milwaukee, WI 53202

Erin M. Cook
GODFREY KAHN, S.C.
mcook@gklaw.com

John Lentz Kirtley
GODFREY & KAHN
jkirtley@gklaw.com

Vilda Samuel Laurin III
BOSE MCKINNEY & EVANS, LLP
slaurin@boselaw.com

Richard A. Mann
rmann@richardmann-lawoffice.com

---

[1] The Court is exercising diversity jurisdiction over the parties' claims, [dkt. 39]; therefore, state law provides the substantive principles that guide the Court's analysis, *BKCAP, LLC v. Captec Franchise Trust 2000-I*, 572 F.3d 353, 359 (7th Cir. 2009).

- 3 -

Joel T. Nagle
BOSE MCKINNEY & EVANS, LLP
jnagle@boselaw.com

Todd Douglas Small
RICHARD A. MANN, P.C.
tsmall@richardmann-lawoffice.com